J-A11044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYLER GEORGE BURNS | : | |
| | : | |
| Appellant | : | No. 1314 MDA 2025 |

Appeal from the PCRA Order Entered August 15, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000955-2023

BEFORE: BECK, J., NEUMAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 11, 2026**

Tyler George Burns ("Appellant") appeals from the denial of his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Moreover, Appellant's counsel, Kristen L. Weisenberger, Esq., has filed a petition seeking to withdraw her representation of Appellant under ***Anders v. California***, 386 U.S. 738 (1967). After careful review, we grant counsel's request to withdraw and affirm the order denying Appellant's PCRA petition.

Appellant attempted to purchase expensive jewelry using stolen credit cards on June 20, 2022, and was charged via information on April 13, 2023 with multiple offenses. Appellant was represented at trial by Attorney Marlin Markley, Jr. On January 11, 2024, Appellant entered a negotiated guilty plea to the charges against him, with the Commonwealth agreeing to an aggregate sentence of five to ten years of incarceration.

Attorney Markley requested that sentencing be deferred pending disposition of Appellant's charges in Venango County. The trial court acquiesced to this request, as the Commonwealth had no objection to imposing this sentence concurrently to the Venango County matters.

Subsequently, on July 2, 2024, Appellant was sentenced in accordance with his plea agreement to a term of five to ten years of incarceration. Appellant did not file a motion to withdraw his plea or any other post-sentence motion, nor did he file an appeal to this Court.[1] Thereafter, on June 4, 2025, Appellant filed a timely *pro se* petition under the PCRA.

The court appointed Attorney Weisenberger, who filed a supplemental PCRA petition on July 7, 2025, alleging the ineffective assistance of trial counsel. Specifically, the petition asserted that Appellant suffered from a mental health condition, was medicated at the time of his plea and sentencing, did not remember the proceedings, and counsel was accordingly ineffective for failing to ensure that Appellant's plea was knowingly and intelligently entered. The amended petition requested a hearing to explore Appellant's condition, counsel's knowledge of any mental health issues, and whether such issues impacted his plea.

The PCRA court conducted the requested hearing on August 15, 2025. Appellant had contended that, while at the jail awaiting trial, he had been diagnosed as "seriously mentally ill" and given psychiatric medications, which

---

[1] Appellant did file a motion to return certain of his personal property that was taken at the time of his arrest

caused his plea to be unknowing and unintelligent. At the PCRA hearing, the PCRA court asked Attorney Weisenberger if she had obtained Appellant's mental health records from the prison, and counsel stated that she did not have them. N.T. PCRA, 8/15/25, at 21. Thereafter, the PCRA court denied Appellant's petition.

According to PCRA counsel, Appellant was asked after the hearing whether he wished to appeal the PCRA court's ruling, and he refused to answer. Brief for Appellant at 6. Appellant filed a *pro se* notice of appeal from the denial of PCRA relief on September 22, 2025, which appeared to be untimely. In response, this Court issued a Rule to Show Cause as to why the appeal should not be quashed as untimely, as a timely notice of appeal must be filed within 30 days of the entry of the order being appealed. Pa.R.A.P. 903(a).

In response to the Rule, Attorney Weisenberger noted that Appellant's *pro se* notice of appeal contained the hand-written date of September 8, 2025, and the envelope containing Appellant's *pro se* notice of appeal was not kept in the court file. Response to Rule to Show Cause, 10/23/25, at ¶¶7-8. We will apply the prisoner mailbox rule under these circumstances and deem the appeal timely filed. **See** Pa.R.A.P. 121(f) (codifying the prisoner mailbox rule); **Commonwealth v. Cooper**, 710 A.2d 76, 78 (Pa. Super. 1998) (explaining that under the prisoner mailbox rule a *pro se* notice of appeal is deemed filed as of the date it is deposited in the prison mail system). **See also Commonwealth v. Hanna**, 1302 WDA 2024, 2025 WL 2977563 (Pa.

Super. filed October 22, 2025) (unpublished memorandum) (whereby this Court held, when the envelope containing a *pro se* notice of appeal was inadvertently missing, that an appellant's notice of appeal was deemed put into the prison mail system as of the date handwritten on the notice under the prisoner mailbox rule).[2]

Before addressing the merits of Appellant's claims, we must first address counsel's petition to withdraw. Attorney Weisenberger has filed an **Anders** brief in this case. However, the proper vehicle for counsel's withdrawal after the denial of a PCRA petition is not an **Anders** brief, but a no-merit letter under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (collectively, **Turner/Finley**). Although **Anders** and **Turner/Finley** bear certain similarities in that, in each, counsel is required to independently examine the certified record and present the appellant's issues to the reviewing court, there are also significant differences. **See Commonwealth v. Wrecks**, 931 A.2d 717 (Pa. Super. 2007) (explaining the differences). Nonetheless, "because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter." **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). We accept Attorney Weisenberger's brief as filed.

_____

[2] Under Pa.R.A.P. 126(b), non-precedential decisions from this Court filed after May 1, 2019, may be cited for their persuasive value.

Attorneys seeking to withdraw under **Turner/Finley** must conduct an independent review of the record before filing a "no-merit" letter detailing the nature and extent of counsel's review, listing each issue the petitioner wishes to have examined by the Court and explaining why those issues are without merit. **Reed**, 107 A.3d at 140. Thereafter, the reviewing court must conduct its own independent evaluation of the record and agree with counsel's determination that the petition is meritless. **Id.** Counsel must also serve upon the petitioner a copy of the no-merit letter and application to withdraw, along with a statement advising the client that they may proceed *pro se* or with an independently retained attorney, and may raise any additional points they deem worthy of the court's attention beyond those raised in the no-merit letter. **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015).

Our review of the record confirms that Attorney Weisenberger has substantially complied with the requirements for withdrawal. Counsel's brief details her review of the certified record, lists the issues Appellant raised in his *pro se* PCRA petition, and explains why she concludes the claims lack merit. Counsel has also filed a separate petition to withdraw as counsel, and appended to that petition the letter she sent to Appellant explaining his rights to retain new counsel, to proceed *pro se,* or to raise any additional points to this Court. We note that Appellant filed a response to the **Anders** brief on February 24, 2026, which we will address in turn. We proceed to our independent review of the record.

Appellant's brief sets forth his issue on appeal as follows:

Whether the trial court erred in denying Appellant's PCRA where Appellant presented sufficient evidence to prove his plea was not knowing, voluntary, and intelligent.

***Anders*** Brief at 4 (unnecessary capitalization omitted).

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." ***Commonwealth v. Min***, 320 A.3d 727, 730 (Pa. Super. 2024) (citation omitted). The scope of our review is "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Hanible***, 30 A.3d 426, 438 (Pa. 2011) (citation omitted). We defer to the factual findings of the post-conviction court, which was tasked with hearing the evidence and assessing witness credibility. ***Commonwealth v. Johnson***, 289 A.3d 959, 979 (Pa. 2023). The PCRA court's legal determinations, however, are subject to plenary review. ***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa. Super. 2012).

To be entitled to PCRA relief, a petitioner must establish the applicability of one or more of the enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2). ***Hanible***, 30 A.3d at 438. "A petitioner is eligible for relief under the PCRA if he pleads and proves … ineffective assistance of counsel[.]" ***Commonwealth v. Price***, 876 A.2d 988, 992–93 (Pa. Super. 2005) (internal citations omitted). Appellant claims that trial counsel rendered ineffective assistance in permitting him to enter a guilty plea that was not knowing, intelligent or voluntary due to his mental health issues.

To succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate by a preponderance of evidence that "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction." *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018) (citation omitted). "Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise." *Commonwealth v. Felix*, 303 A.3d 816, 819-20 (Pa. Super. 2023). The failure to satisfy any prong of the ineffectiveness test will result in rejection of the claim. *Id.* at 820.

Moreover,

[a] criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the defendant] to enter an involuntary or unknowing plea.

Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily, and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

*Id.*, *citing* **Commonwealth v. Bedell**, 954 A.2d 1209, 1212 (Pa. Super. 2008) (cleaned up). Finally, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Commonwealth v. Pier**, 182 A.3d 476, 480 (Pa. Super. 2018) (citation omitted).

To determine whether a guilty plea was tendered knowingly, voluntarily, and intelligently, the trial court should

> conduct an on-the-record inquiry to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate [that] the defendant understands (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement.

**Commonwealth v. Kelley**, 136 A.3d 1007, 1013 (Pa. Super. 2016); **accord** Pa.R.Crim.P. 590, cmt. On appeal, this Court then evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *Id.* Finally, "even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa. Super. 2011)(citation omitted).

Appellant completed a written guilty plea colloquy which is a part of the record certified on appeal. Within, Appellant was informed of the charges he was facing and the potential ranges of sentences for those offenses. He was also instructed that by entering a plea he is giving up the right to a trial by a jury, and that prior to entering the plea he is presumed to be innocent. *See* Guilty Plea Colloquy, 1/11/24. Further, during the plea hearing, the Commonwealth provided the factual basis for Appellant's plea. N.T. Guilty Plea, 1/11/24, at 8. Immediately thereafter, the trial court asked Appellant, "Did you hear what she said you did?" and "Do you agree that's what happened?" and Appellant responded affirmatively to both queries. *Id.*

Appellant also engaged in a lengthy discussion with his attorney and the trial court on whether his sentence on this case could be imposed concurrently with the parole revocation sentence he was about to receive in an unrelated case as a consequence of his new convictions. *Id.* at 3-8. Appellant expressed deep concern about his upcoming parole revocation proceedings, and the court explained that the Commonwealth requires parolees to serve the back time owed on the parole sentence first. *See* 61 Pa.C.S. § 6138(a)(5).[3]

_____

[3] Even though it was not cited by the trial court, we note that the DOC is **statutorily precluded** from imposing a sentence of a parolee's back time concurrently with a sentence on a new offense. The statute provides:

> If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

*(Footnote Continued Next Page)*

Appellant's mental health was also discussed during the PCRA hearing on August 15, 2025. At this hearing, trial counsel was asked if he was aware of Appellant's mental health diagnosis. Specifically:

Q: [by Attorney Weisenberger]: Throughout your representation of [Appellant], did you ever learn of any mental health issues?

A: [by Attorney Markley, trial counsel]: Not until the – the [presentence investigation] mentioned – like, an unsubstantiated schizophrenia.

Q: So he never brought that to your attention earlier?

A: No.

Q: I'm assuming that, throughout your representation, you would have met with him.

A: Yes.

Q: Was he incarcerated or not during that time?

A: He was incarcerated.

Q: Okay. Anything about your representation of him that made you think – a mental health evaluation would have been necessary?

A: No.

Q: Do you have any difficulty communicating with him?

A: No.

Q: And you were the attorney that was present for his guilty plea?

_____

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S. § 6138(a)(5)(i). Thus, a parolee's back time sentence must always be served prior to the sentence on the new conviction which had caused parole to be revoked.

- 10 -

A: Yes.

Q: And was there anything about that proceeding that made you pause or think that he was unclear as to what was happening?

A: No.

Q: And I think, I probably asked this. And sorry, I haven't had coffee yet. It's – he never brought to your attention, nor did any family member bring to your attention, the possibility of either him having difficulty understanding or him having a mental health issue?

A: Correct. No. Did not.

N.T., 8/15/25, at 5-6. During cross-examination, Attorney Markley stated that Appellant did not tell him during the guilty plea that he did not understand what was happening. *Id.* at 9.

Appellant also testified at the PCRA hearing. When asked what mental health condition he suffered from, Appellant answered: "I suffer from – unspecified – schizophrenia spectrum – with other – psychotic – with other unidentified psychotic disorders." *Id.* at 11. Appellant states he was first diagnosed in prison in 2022, and he began treatment with medication and counseling at that time. *Id.* When asked about Attorney Markley's representation, Appellant testified:

Q. During [Attorney Markley's] representation, did you ever indicate to him that you had a schizophrenia diagnosis?

A. Yeah. I told him – in person and I – told him in letters – that I wrote to him.

Q. And did the two of you ever discuss how that diagnosis affected you?

A. Never brought it up.

Q. How does that diagnosis affect you?

A.    To the point where like I don't – like, know what's going on all the time.  Or, like, I get confused – with – voices and everything.

Q.    And when you appeared in court – in this, before Her Honor, you had entered a guilty plea.  And it was pursuant to a plea agreement.  Are you indicating, for the record, that you didn't understand what was going on during your plea?

A.    Yeah.  I – I didn't.  I didn't – I shouldn't have signed it – I didn't – didn't realize what – the – I just – I – I didn't realize what I was doing.

*Id.* at 11-12.  Appellant further testified that the jail had him involuntarily committed to a UPMC hospital in 2023.[4]  *Id.* at 12.  The PCRA court then asked Appellant directly, "Did you tell [Attorney Markley] you didn't understand at all what was happening in your case, that you didn't know that you agreed to 5 to 10 years? Did you tell him that?"  *Id.* at 16.  Appellant responded affirmatively, and that he didn't press the issue because he was "just doing what [he] was told."  *Id.*

Thereafter, the Commonwealth re-called Attorney Markley to respond to Appellant's statements.  When asked if Appellant had told him that he did not understand what was going on due to his mental health issues, Attorney Markley responded that Appellant sent him a letter a few months *after* his case was completed, indicating that he didn't know he could get mental health help as a part of his sentence.  *Id.* at 24-25.  Attorney Markley reiterated, however, that he had no reason to question Appellant's understanding of the plea, noting that Appellant had been very proactive in his defense, and that

_____

[4] The involuntary commitment statute is codified at 50 P.S. § 7302.

his conversations with Appellant's Venango County attorneys likewise did not reveal that they had expressed any hesitation about Appellant's competency or ability to understand the proceedings. *Id.* at 25-26. After this, the PCRA court denied relief.

We discern no error in the PCRA court's rejection of Appellant's claim that plea counsel was ineffective for failing to investigate his mental health or challenge the validity of his plea on that basis. Even accepting that Appellant suffers from mental illness, the record supports the PCRA court's determination that plea counsel had no reason to question Appellant's competency or comprehension at the time of the plea. Attorney Markley testified that Appellant never disclosed a mental health diagnosis, never indicated that he did not understand the proceedings, and never behaved in a manner that suggested confusion, incompetence, or an inability to assist in his defense. N.T., 8/15/25, at 5-6, 9, 24-26. The PCRA court was free to credit this testimony and reject Appellant's contrary assertions. *Johnson, supra*.

Further, the plea colloquy itself undermines Appellant's claim. Appellant completed a written colloquy acknowledging the rights he was waiving, the charges against him, and the sentencing exposure he faced. During the oral colloquy, Appellant confirmed his agreement with the Commonwealth's factual recitation and actively participated in a substantive discussion with the court regarding his sentence and how it interacted with his pending parole consequences.

Counsel cannot be deemed ineffective for failing to pursue an investigation where nothing in the record would have prompted a reasonable attorney to do so. *See Commonwealth v. Brown*, 872 A.2d 1139, 1150 (Pa. 2005) (counsel is not ineffective where the defendant never informed his counsel about prior abuse or mental illness and the record did not prompt an investigation, "trial counsel cannot be deemed ineffective for failing to present mental health evidence to support Appellant's theory of self-defense when there was no such evidence of record"); *Commonwealth v. Miller*, 987 A.2d 638, 654 (Pa. 2009) (finding that the claim that counsel was ineffective for failing to investigate a witness's mental health problems lacked arguable merit because counsel had no reason to suspect that the witness was mentally ill). Because Appellant failed to establish arguable merit to his claim that counsel should have questioned his ability to understand the proceedings or the voluntariness of his plea, this ineffectiveness claim must fail. *Felix, supra.*

Nonetheless, our review of this matter is not complete because Appellant has claimed, in his *pro se* response to counsel's *Anders* brief, that PCRA counsel was ineffective for failing to bring his mental health records from the jail to his PCRA hearing. Appellant's Response to Attorney's *Anders* Brief and Motion to Withdraw, 2/24/26 ("If Appellant was given a chance to bring his mental health records as evidence it would have shown Appellant could not have been fully understanding knowing of his actions").

Preliminarily, we note that our Supreme Court, in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021) provided an avenue for PCRA petitioners

- 14 -

to raise claims related to PCRA counsel's ineffective assistance: "a petitioner [may] raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal." 261 A.3d at 405. The record demonstrates that his response to the **Anders** brief was Appellant's first opportunity to raise an allegation of PCRA counsel's ineffectiveness. Thus, we will address Appellant's claim of PCRA counsel's ineffectiveness. However, we recognize that **Bradley** did not alter the substantive requirements governing ineffectiveness claims.

Appellant's claim can be considered a layered claim of ineffective assistance. Our Court has stated the following with respect to a layered ineffectiveness claim:

> Where a petitioner "alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of [the IAC test] relevant to each layer of representation." **Commonwealth v. Parrish**, 273 A.3d 989, 1003 n.11 (Pa. 2022). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel." **Commonwealth v. Burkett**, 5 A.3d 1260, 1270 (Pa. Super. 2010). "Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim." **Treiber**, 121 A.3d at 445.

**Commonwealth v. Shields**, 347 A.3d 734, 744–45 (Pa. Super. 2025). If the petitioner fails to prove any prong of the ineffectiveness test related to plea counsel, "he will have failed to establish the arguable merit prong of the layered claim of [PCRA] counsel's ineffectiveness, and the claim fails." **Commonwealth v. Reyes**, 870 A.2d 888, 896 (Pa. 2005).

- 15 -

Here, we have already concluded that Appellant failed to establish that plea counsel rendered ineffective assistance in connection with the entry of his guilty plea. Specifically, the record supports the PCRA court's determination that plea counsel had no knowledge of any mental health condition, observed no conduct suggesting incompetence or confusion, and therefore had no reason to pursue further investigation into Appellant's mental health status.

Because the underlying claim against plea counsel fails, Appellant cannot establish prejudice arising from PCRA counsel's alleged failure to obtain additional mental health records in support of that same claim. *Burkett, supra.* Even assuming such records existed and reflected mental health treatment, they would not alter the dispositive fact that plea counsel cannot be deemed ineffective for failing to investigate information of which he had no knowledge and no reason to suspect. In other words, because plea counsel was not ineffective, Appellant cannot succeed on his layered claim of PCRA counsel's ineffectiveness. *Shields*, 347 A.3d at 744–45; *Reyes*, 870 A.2d at 896.

Accordingly, Appellant's layered claim of PCRA counsel ineffectiveness does not entitle him to relief. Moreover, our independent evaluation of the record has disclosed no additional meritorious issues. We thus will affirm the denial of Appellant's PCRA petition.

Order affirmed. Petition to withdraw granted.

- 16 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/11/2026